UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-61469-BB

TRITON II, LLC

   Plaintiff,

v.

JOHN RANDAZZO and
CAPRICE TURNER,

   Defendants.                                      /

**Triton II, LLC's Reply in Support of its
Motion to Lift Stay to Commence Limited Discovery [D.E. 41]**

Triton II, LLC files this reply in support of its Motion to Lift Discovery Stay [D.E. 41].  In

support, Triton states the following:

### I.      Limited Discovery is Warranted

To dispose of the issue as to the fraudulent Operating Agreement ("Agreement") and

Irrevocable Proxy ("Proxy"), Defendants needed only to make available the original executed

version of each document or produce the correspondence surrounding their purported execution.

They could have put this issue to rest, but have not.  Instead, Defendants offer 12 pages of

hyperbole and misstatements and impugn counsel for Triton's character in an attempt to deflect

the issue as to why limited discovery is imperative at this juncture under the exceptions to 15

U.S.C. § 78u-4(b)(3)(B).

*First*, one need only review the Defendants' unilaterally filed Scheduling Report [D.E. 30]

in which the Defendants' themselves put the issue of the legitimacy of the Agreement and Proxy

in play:

> 90 days from Defendants' Answer - First Phase: All fact discovery concerning the
> enforceability and/or validity of the Operating Agreement and Irrevocable Proxy

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-0086

must be completed.

Nonetheless, the seriousness of this issue is now downplayed by Defendants. Defendants' claim Triton is "casually surmising" and "suddenly assumes" the Agreement and Proxy are fake or that the only differences Triton pointed out were in examining and "comparing margins." If only the differences in the signature pages could be deflected with adverbs or other mischaracterizations. And Defendants do not make any effort to address their fundamental opposition to producing banking records, corporate records and tax filings and for good reason: these documents support Triton's claims or in the case of historic tax filings, apparently do not exist. It bears repeating: a legitimate virtual healthcare company should be able to readily account for its use of funds, be current on tax filings and not be dissolved within a year.

*Second,* Kris Lawrence, his assistant, Kelly Baker, and his attorney, Lawrence Ploucha, have sworn there is no trace of Mr. Lawrence ever seeing or signing these documents at any point prior to receiving them from Turner pre-suit. Contrary to Defendants' unsworn assertions, at no point has Triton ever represented anything inconsistent with this position.

*Third,* Defendants' argument relating to Triton's attachment of the Agreement to its Motion for Temporary Restraining Order is a mischaracterization. The Proxy was never referenced by Triton in its Complaint or Motion for Temporary Restraining Order ("Motion for TRO"). As for the Agreement, Triton attached it to its Motion for TRO to spell out the inequity of what Defendants' assert was the "deal." At no point has Triton alleged these documents are legitimate or were executed by them.

**II.     The Merits of Triton's Arguments Support Lifting of the Stay for Limited Discovery, Which is Sufficiently Particularized in Nature.**

Triton has accounted sufficiently for the prejudice it would face and explained its need to preserve evidence which provides for the lifting of the discovery stay and allows it to conduct

2

limited discovery. Without the originals of these documents, Triton's ability to examine the veracity of them is crippled and it is unduly prejudiced.  Without this issue being resolved prior to the ruling on Defendants' motions to dismiss, their liability may be improperly shielded. The discovery requested would begin to unravel the fraud and dispose of the Defendants' primary arguments. Also, Despite Defendants claiming they have an obligation to preserve evidence, they ignore Triton's proper request for discovery from non-parties who do not have this obligation and whose record retention policies are unknown and my place the evidence in jeopardy of being lost. For example, DLA Piper and Bank of America destroy records in the ordinary course of business.

Defendants' reliance on distinguishable case law to support the fact that Triton's assertions of prejudice or potential destruction of evidence are generalized as opposed to particularized is misplaced. Here, the discovery sought by Triton is direct and specific to the limited issues of (1) whether the purported executed Agreement and Proxy are genuine or fraudulent; (2) the legitimacy of CVH Florida and (3) tracing the actual use of Triton's funds. The requested discovery identifies the universe of documents sought on these issues and is limited in scope. None of these attributes are present in the cases cited by Defendants. *See In re Fluor Corp. Securities Litig.,* 1999 U.S. Dist. LEXIS 22128 *4 (C.D. Cal. 1999) (denying lifting of stay in a class action suit where the identity of third-parties from who discovery was sought was not definite); *Sarantakis v. Gruttadaria,* 2002 U.S. Dist. LEXIS 14349 *4 (N.D. Ill. 2002) (discovery being sought was from only those who were parties to the lawsuit and Defendants had voluntarily produced a number of documents sought in the discovery requested. The plaintiff's motion asked the Court to lift the stay as to all documents identified in their general discovery requests); *Selbst v. McDonald's Corp.,* 2006 U.S. Dist. LEXIS 8862 *7 (N.D. Ill. 2006) (plaintiff requested general lift of stay as it applied to any and all document requests).

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-0086

### III.     Defendants' Attack on the Professionalism of Triton's Counsel is Unfounded

For a second time now, Defendants' filing relies upon an attack on counsel.  Counsel for Triton has extended every professional courtesy where appropriate notwithstanding substantive disagreement on factual points in this case. When extensions have been requested, Triton has not opposed them; when counsel for Randazzo, Ms. MacIvor suffered a death in her family, counsel for Triton worked with her to ensure an orderly transition on the matter occurred while she was out of town and when requests have been made to discuss this matter, counsel for Triton has made himself available.

However, it is now clear that Defendants' counsel intend to litigate this matter by attacking in any manner possible, including counsel.  As it relates to this Motion, Triton's counsel underlined the basis for the requested relief which the Court itself detailed in its stay Order.  Rather than respond, Ms. MacIvor made it clear in her communications that she wished to engage in a never ending series of emails to delay from addressing the issue at hand, and in the process, took it upon herself to also misrepresent prior communications and representations by her co-counsel in which he offered up an informal discovery process to accelerate this litigation. Forty plus pages of email attachments distract from a simple reality that is present here: the discovery sought is narrow, non-intrusive and as to specific requests, is directly related to issues that Defendants themselves admit are critical in their proposed Scheduling Report.

WHEREFORE, Plaintiff, Triton II, LLC, requests this Court lift the stay imposed under and allow the limited discovery requested by Triton to proceed during the pendency of the Defendants' Motions to Dismiss.

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 – (305) 377-0086

Dated:  September 25, 2018.                Respectfully submitted,

*/s/ Paul D. Turner*
Paul D. Turner (113743)
pturner@pbyalaw.com
Jonathan Feldman (12682)
jfeldman@pbyalaw.com
Benjamin Reiss (985643)
breiss@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, P.L.
200 South Andrews Avenue, Suite 600
Fort Lauderdale, FL 33301
T: (954) 566-7117 / F: (954) 566-7115
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Paul D. Turner*
Paul D. Turner (113743)

5