**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-cv-61469-BLOOM/Valle

TRITON II, LLC,

      Plaintiff,
v.

JOHN RANDAZZO and CAPRICE TURNER,

      Defendants.
_____/

**UNOPPOSED JOINT MOTION TO POSTPONE THE**
**SUBMISSION OF JOINT SCHEDULING REPORT**

Pursuant to Federal Rules of Civil Procedure 16(b)(2) and 26(f)(1) and the Court's inherent authority to control its docket, Defendants John Randazzo and Caprice Turner (collectively, "Defendants") respectfully request this Honorable Court to postpone submission of the joint scheduling report until Defendants' forthcoming motion to dismiss has been resolved.

**DISCUSSION**

This case involves allegations of federal securities fraud and, as the Court is aware, implicates the Private Securities Litigation Reform Act ("PSLRA"). 15 U.S.C. § 78u-4. The PSLRA reflects Congress's determination that federal securities fraud actions should be initiated differently than other actions—specifically, that they (1) "should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed," and (2) should be managed to "minimize unnecessary imposition of costs on defendants." *Medhekar v. U.S. Dist. Court for the N. Dist. of California*, 99 F.3d 325, 328 (9th Cir.

1996 (citations omitted).[1] To that end, the PSLRA imposes heightened pleading standards (beyond those set forth in Rule 9), and, importantly, it calls for an automatic stay of "all discovery and other proceedings . . . during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(1)-(3).

The Court previously invoked the PSLRA's automatic stay in this action [DE 34], which applies not only to depositions, interrogatories, and other optional forms of discovery, but also to Rule 26(a)(1)'s mandatory initial disclosures. *Medhekar*, 99 F.3d at 328-29. Accordingly, courts routinely find it impractical to require a Rule 26(f) case-management conference if a defendant has filed a motion to dismiss *see, e.g., Pedroli ex rel. Microtune, Inc. v. Bartek*, 251 F.R.D. 229, 230–31 (E.D. Tex. 2007), or if a defendant has indicated that a motion to dismiss will be "forthcoming," *see 380544 Canada, Inc. v. Aspen Tech., Inc.*, No. 07 Civ. 1204 (JFK), 2011 WL 4089876, at *3 (S.D.N.Y. Sept. 14, 2011).

Here, Plaintiff filed an Amended Complaint on October 19, 2018. Motions to dismiss from the Defendants will be filed on or before November 2, 2018, attacking the legal sufficiency of the Amended Complaint. *See Albers v. Commonwealth Capital Corp.*, 2016 WL 9526453 at *2 (M.D. Fla. 2016) ("In spite of the absence of a pending motion to dismiss, the Court finds it appropriate to postpone the case management conference, which, in effect, stays discovery, because Defendants have represented that they intend to file a motion to dismiss after the case management conference deadline[.]"). Defendants are in the process of preparing a Rule 12(b) motion that will be filed by November 2, 2018, and, if well taken, will entirely resolve or substantially narrow this action. However, the deadline for submitting the joint scheduling order falls before the deadline

---

[1] *Medhekar* is the leading case on the PSLRA's effect on Rule 26 "proceedings," which the U.S. Court of Appeals for the Eleventh Circuit has not squarely addressed.

for filing the motion to dismiss based on the Court's October 11, 2018, Second Order Requiring Scheduling Report and Certificates of Interested Parties (the "Order") [DE 45].

Defendants request—and Plaintiff does not oppose—a postponement of the deadline to file the Joint Scheduling Report until after resolution of the forthcoming motion to dismiss. Rule 16(b)(2) permits the Court to delay issuing a scheduling order if "the judge finds good cause for delay." Defendants respectfully submit that good cause exists for postponing the deadline to submit the Joint Scheduling Report, as doing so (1) would effectuate Congress's intent under the PSLRA to minimize litigation costs pending a determination of the sufficiency of a complaint; (2) would be consistent with the Eleventh Circuit's preference for resolving "[f]acial challenges to the legal sufficiency of a claim or defense . . . before discovery begins," *Chudusama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); and (3) would facilitate the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

## CONCLUSION

For the reasons discussed above, Defendants respectfully request that the Court postpone the deadline to submit the joint scheduling report until after resolution of the forthcoming motions to dismiss.

## RULE 7.1 CERTIFICATE

Counsel for Defendants hereby certify that on October 24, 2018, Paul Bagley, Esq. conferred with counsel for Plaintiff, Jonathan Feldman, in a good faith effort to resolve the issues raised in this motion. Plaintiff's counsel indicated they did not oppose the relief sought herein. Plaintiff in stating it did not oppose the relief sought in this motion, reserved its rights under the PSLRA to seek lifting the stay of discovery under the "extraordinary circumstances" exceptions enumerated in the statute and referenced in the Court's August 14, 2018, Order staying this matter.

Dated: October 24, 2018

                                   Respectfully Submitted,

                             By: */s/ Catherine J. MacIvor*
                                   Catherine J. MacIvor
                                   Florida Bar. No: 932711
                                   cmacivor@fflegal.com
                                   Paul Bagley
                                   Florida Bar. No: 94211
                                   pbagley@fflegal.com
                                   FOREMAN FRIEDMAN, PA
                                   One Biscayne Tower, Suite 2300
                                   2 South Biscayne Boulevard
                                   Miami, FL 33131
                                   Telephone: (305) 358-6555
                                   *Attorneys for John Randazzo*

                                   and

                             By: */s/ Richard J. McIntyre*
                                   Richard J. McIntyre
                                   Florida Bar Number: 0962708
                                   rich@mcintyrefirm.com
                                   McIntyre Thanasides Bringgold Elliott
                                   Grimaldi Guito & Matthews, P.A.
                                   500 E. Kennedy Blvd., Suite 200
                                   Tampa, FL 33602
                                   Telephone: (813) 223-0000
                                   *Attorneys for Caprice Turner*

## **CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on October 24, 2018. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                             By: */s/ Catherine J. MacIvor*
                                   Catherine J. MacIvor

**SERVICE LIST**

**CASE NO. 18-CV-61469**

| | |
|---|---|
| Paul D. Turner | Catherine J. MacIvor |
| Perlman, Bajandas, Yevoli & Albright, P.L | Foreman Friedman, PA |
| 200 South Andrews Ave., Suite 600 | 2 South Biscayne Blvd., Suite 2300 |
| Fort Lauderdale, FL 33301 | Miami, FL 33131 |
| 954-566-7117 | 305-358-6555 |
| pturner@pbyalaw.com | cmacivor@fflegal.com |
| *Attorneys for Triton II, LLC* | *Attorneys for John Randazzo* |
| | |
| Jonathan Feldman | Paul Bagley |
| Perlman, Bajandas, Yevoli & Albright, P.L | Foreman Friedman, PA |
| 200 South Andrews Ave., Suite 600 | 2 South Biscayne Blvd., Suite 2300 |
| Fort Lauderdale, FL 33301 | Miami, FL 33131 |
| 954-566-7117 | 305-358-6555 |
| jfeldman@pbyalaw.com | pbagley@fflegal.com |
| *Attorneys for Triton II, LLC* | *Attorneys for John Randazzo* |
| | |
| | Richard J. McIntyre |
| | McIntyre Thanasides Bringgold Elliott |
| | Grimaldi Guito & Matthews, P.A. |
| | 500 E. Kennedy Blvd., Suite 200 |
| | Tampa, FL 33602 |
| | 813-223-0000 |
| | rich@mcintyrefirm.com |
| | *Attorney for Caprice Turner* |

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Suite 2300, Miami, FL  33131 Tel: 305-358-6555/Fax: 305-374-9077**