UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61469-BLOOM/Valle

TRITON II, LLC,

    Plaintiff,

v.

JOHN RANDAZZO and
CAPRICE TURNER,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon two motions to dismiss filed by Defendants John Randazzo ("Randazzo") and Caprice Turner ("Turner") (together, "Defendants"), ECF Nos. [68] [69] (together, the "Motions"). Plaintiff Triton II, LLC ("Plaintiff" or "Triton") filed a response to each of the Motions, ECF Nos. [72], [73], and Defendants filed replies, ECF Nos. [74], [75]. The Court has carefully reviewed the Motions, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are granted in part and denied in part.

    **I.**    **BACKGROUND**

The Court set forth a detailed factual background in its previous Order on Defendants' first motions to dismiss, ECF No. [44]. In the initial Complaint, ECF No. [1], Triton asserted claims for securities fraud, fraudulent misrepresentation, conversion, civil conspiracy, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and negligent misrepresentation. In its Order, the Court determined that Triton failed to satisfy the heightened pleading standard applicable to securities fraud and the other fraud claims, and that the allegations

with respect to scienter were insufficient. In addition, the Court determined that Triton lacked standing to assert claims premised upon the alleged actions of Randazzo and Turner subsequent to its investment in CVH Florida, that Triton failed to sufficiently allege its claims for civil conspiracy, breach and aiding and abetting breach of fiduciary duty, and unjust enrichment, and that Triton could not assert a claim for conversion as a matter of law. Accordingly, the Court dismissed all but the conversion claim without prejudice. Triton filed its Second Amended Complaint, ECF No. [65] on January 15, 2019.[1] The Court notes that the essential facts alleged in the Second Amended Complaint remain unchanged, except that Triton has added additional allegations regarding the alleged misrepresentations made as set forth in more detail below.

This case arises from an investment relationship gone wrong. Triton's principal, Kris Lawrence ("Lawrence") met Randazzo in 2015 during the course of the sale of Lawrence's company, for which Randazzo provided the ultimate buyer. After the sale of Lawrence's company, Randazzo approached Lawrence with an investment opportunity in a company called Comprehensive Virtual Healthcare, Inc. ("CVH NC"), which would operate in North Carolina. Ultimately, after Lawrence agreed to invest $3 million of Triton's funds in CVH NC in exchange for a thirty percent interest, CVH NC did not take off and $2,963,133.44 of the initial investment was returned to Triton in the spring or early summer of 2015.

Thereafter, Triton alleges that Randazzo "remained determined to obtain Triton's money," ECF No. [65] ¶ 19. To that end, Randazzo made a number of misrepresentations to Lawrence in a series of phone calls that took place on July 13, 2015 and August 2, 2015. *Id*. ¶ 20. Specifically, Triton alleges that Randazzo made five statements regarding another start-up business with the

---

[1] Triton filed a First Amended Complaint, ECF No. [46], following the Court's Order, which Defendants also moved to dismiss. *See* ECF Nos. [49], [50]. Before the Court ruled, Triton requested leave to file its Second Amended Complaint, which the Court granted. *See* ECF No. [64].

same business strategy as CVH NC—CVH Florida, which was controlled by Randazzo and Turner. *Id*. Those statements are alleged to be as follows:

1) CVH Florida was operating as a virtual healthcare company to enable patients to connect with health care providers and receive primary and specialty care ("Statement 1");

2) Although CVH Florida was a start-up, it already had ongoing business operations and exploitable opportunities with insurance carriers, including Blue Cross and Blue Shield of Florida, and healthcare providers in the virtual healthcare field based upon Randazzo's relationship with such parties ("Statement 2");

3) Triton's monies would be used to fund day-to-day business operations and the growth of the operating virtual healthcare business of CVH Florida ("Statement 3");

4) Because CVH Florida had ongoing business operations and opportunities with insurance carriers and healthcare providers, CVH Florida had immediate revenue generation opportunities ("Statement 4") and[;]

5) Randazzo had already received an offer from an undisclosed third[ ]party to acquire CVH Florida for $50 million[,] which would yield a valuation of a 30% interest in CVH Florida of $15 million ("Statement 5").

*Id*. ¶ 22a.-e. Relying upon these statements, Lawrence determined that Triton would invest and wired $2,963,133,44 to the CVH Florida Bank of America account in exchange for a thirty percent interest in CVH Florida. *Id.* ¶ 24.

According to Triton, instead of using the funds for the agreed-upon investment, Defendants misappropriated Triton's investment, including by transferring money out of the CVH Florida account and paying personal expenses and legal expenses for their other business ventures *Id*. ¶¶ 31-32.

Lawrence confronted Randazzo in June, 2018 to obtain an explanation with respect to the use of funds. Randazzo refused to provide any information or documentation. *Id.* ¶¶ 34-35. Thereafter, counsel for Lawrence and Triton contacted Turner, who revealed that CVH Florida never operated as a virtual healthcare company, that there were no historical or ongoing business

operations or opportunities with insurance carriers and healthcare providers, and no revenue generation. *Id*. ¶ 37.

As a result of Randazzo's alleged misrepresentations and Defendants' misuse of Triton funds, Triton asserts claims for securities fraud in violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j (the "Exchange Act") and Rule 10b-5, 17 C.F.R. § 240.10b-5 (Count 1) and fraudulent misrepresentation (Count 2) against Randazzo, civil conspiracy (Count 3) and unjust enrichment (Count 4) against Randazzo and Turner, and negligent misrepresentation (Count 5) against Randazzo. Defendants again seek dismissal of the Second Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing, and pursuant to Rule 12(b)(6) for failure to state a claim.

## II.     LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

### III. ANALYSIS
#### A. Claims against Randazzo
##### i. Securities fraud (Count 1)

Randazzo first argues that Triton's securities fraud claim is barred by the applicable statute of limitations. In response, Triton contends that Randazzo's argument is improper under Rule 12(g) of the Federal Rules of Civil Procedure because he failed to raise such an argument in his previous motion to dismiss. Randazzo contends that because the Second Amended Complaint is a new pleading that has superseded the original Complaint and alters the factual allegations, the argument is proper. Upon review, the Court agrees with Triton that Randazzo has waived the argument with respect to the application of the statute of limitations in this case.

Rule 12(g) provides that except under circumstances not applicable here, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P.

5

12(g)(2).  In the instant case, Randazzo has not filed two separate motions attacking the Second Amended Complaint, and therefore, the issue does not fall under the purview of Rule 12(g).  *See Chen v. Cayman Arts, Inc.*, No. 10-80236-CIV, 2011 WL 1085646, at *2 (S.D. Fla. Mar. 21, 2011) (striking successive motion to dismiss as improper under Rule 12(g)); *Barfoot v. Dolgencorp, LLC*, Case No. 15-24662-CIV-ALTONAGA/O'Sullivan, 2016 WL 6330588, at *1 (S.D. Fla. Feb. 5, 2016) (denying successive 12(f) motion pursuant to Rule 12(g) based upon earlier filing of motion to dismiss).  Thus, whether Randazzo's argument is proper depends on the degree to which the Second Amended Complaint alters and expands the factual allegations underlying Triton's claims.  "[W]hen a plaintiff files an amended complaint which changes the theory or scope of the case, the Defendant is allowed to plead anew as though it were the original complaint filed by the Plaintiff." *Brown v. E.F. Hutton & Co., Inc.*, 610 F. Supp. 76, 78 (S.D. Fla. 1985).  Here, the underlying facts and theories of liability are not so altered that Randazzo should be permitted to advance arguments previously available to him.  "Generally, whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss.  However, if facts on the face of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss." *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1328 (S.D. Fla. 2012) (citing *Cabral v. City of Miami Beach*, 76 So. 3d 324, 326 (Fla. 3d DCA 2011)); *see also Keira v. U.S. Postal Inspection Serv.*, 157 F. App'x 135, 136 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.") (internal quotation marks and citation omitted).  In the instant case, the key allegation for purposes of the statute of limitations concerns the date that Triton transferred the nearly $3 million investment in CVH Florida—August 3, 2015—which was clearly alleged in the

6

original Complaint.  *See* ECF No. [1] ¶ 21.  Accordingly, Randazzo's argument regarding the statute of limitations is not well-taken.

Randazzo also argues that the Second Amended Complaint still fails to satisfy the pleading standards applicable to securities fraud claims.  First, Randazzo argues that Triton fails to make sufficiently particularized allegations required by Rule 9(b) regarding the representations made.  Second, Randazzo argues that Triton fails to allege facts giving rise to the strong inference of scienter required in securities fraud cases.  The Court considers each argument in turn.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of fraud.'" *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)).  "The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) (quoting *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)) (internal quotations omitted).

In the Second Amended Complaint, Triton alleges that Randazzo made five statements with respect to CVH Florida, which are specifically pled, that the statements were made by Randazzo to Triton's principal, Lawrence, over the telephone on July 13, 2015 and August 2, 2015,

7

and that the statements were misleading because they were untrue, and ultimately led Lawrence to decide to invest nearly $3 million on behalf of Triton in CVH Florida, which funds Defendants subsequently used for their own purposes. *See* ECF No. [65], ¶¶ 22, 24, 26, 30. As such, Triton has satisfied the Rule 9(b) requirements.

To state a claim for securities fraud, a plaintiff must allege "1) a misstatement or omission, 2) of a material fact, 3) made with scienter, 4) on which plaintiff relied, 5) that proximately caused his injury." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 (11th Cir. 1999) (citing *Ross v. Bank S., N.A.*, 885 F.2d 723, 728 (11th Cir. 1989). In pleading such a claim, the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4, *et seq*. ("PSLRA") further requires that plaintiffs "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). In the Eleventh Circuit, the required state of mind is severe recklessness. *See Bryant*, 187 F.3d at 1287 ("We conclude that in the Eleventh Circuit, a securities fraud plaintiff must plead scienter with particular facts that give rise to a strong inference that the defendant acted in a severely reckless manner."). "Severe recklessness is limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it." *Id*. at 1282 n.18 (quoting *McDonald v. Alan Bush Brokerage Co.*, 863 F.2d 809, 814 (11th Cir. 1989)). "[T]o survive a motion to dismiss . . . [a plaintiff] must (in addition to pleading all of the other elements of a § 10(b) claim) plead with particularity facts giving rise to a strong inference that the defendants either intended to defraud investors or were severely reckless when they made the allegedly materially false or incomplete statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1220, 1238 (11th Cir. 2008)

8

(quotations omitted).  In determining whether the requisite state of mind is adequately pled, "the reviewing court must ask: When the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?" *Id*. at 1239 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 326 (2007)).

> To determine whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, the court must consider plausible nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff.  The inference that the defendant acted with scienter need not be irrefutable, *i.e.*, of the 'smoking-gun' genre, or even the 'most plausible of competing inferences.' . . . Yet the inference of scienter must be more than merely 'reasonable' or 'permissible'—it must be cogent and compelling, thus strong in light of other explanations.

*Mizzaro*, 544 F.3d at 1239 (quoting *Tellabs*, 551 U.S. at 323-24).  That standard has been met here.

With respect to scienter, Triton alleges that each of the statements made by Randazzo was false at the time it was made and that Randazzo, as the promoter of the transaction and purported member of CVH Florida, knew or recklessly disregarded the falsity of the statements.  ECF No. [65], ¶ 26.  In addition, Triton points to several subsequent events that provide circumstantial proof that Randazzo had the requisite scienter when the statements were made.  *See id.*, ¶ 29.  These events include that CVH never operated as a healthcare business, CVH Florida was administratively dissolved a little over a year after it was formed, CVH Florida's principal place of business was Randazzo's home address, CVH Florida never generated revenues or profits, CVH never entered any agreement with healthcare providers or insurers, Randazzo and Turner never made any capital contributions to CVH Florida for their 70% interest, CVH Florida never filed income tax returns, and CVH Florida never had any employees other than Turner, who had no experience in the healthcare industry.  *Id*.  Upon review, the Court concludes that taken collectively, these allegations are sufficient to give rise to the requisite inference of scienter.

Finally, Randazzo argues that any reliance upon the representations made by him was unreasonable because such representations were negated by the operating agreement, which was attached to Triton's motion for temporary restraining order. *See* ECF No. [19-2] ("Operating Agreement"). Randazzo further requests that the Court consider the Operating Agreement in ruling upon the instant Motion. In response, Triton argues that Randazzo's argument, like its statute of limitations argument, is untimely and without merit. The Court agrees that the argument is untimely for the same reasons as Randazzo's statute of limitations argument—namely that the factual allegations and theories of liability are not so altered from the original Complaint that Randazzo could not have asserted the argument previously. Therefore, the Court does not consider it.

### ii. Fraudulent misrepresentation (Count 2)

Randazzo argues that Triton again fails to plead its fraudulent misrepresentation claim with the requisite particularity under Rule 9(b), and that to the extent that Triton relies upon purported misrepresentations related to future performance, such representations are not actionable under Florida law.

A claim of fraudulent misrepresentation under Florida law must show: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in *reliance* on the representation." *Hearn v. Int'l Bus. Machs.*, 588 F. App'x 954, 956-57 (11th Cir. 2014) (quoting *Bulter v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (emphasis in original)). "At the pleading stage, a plaintiff must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiffs; and (4) what the defendants

10

gained by the alleged fraud." *Id.* at 957 (citations and internal alternations and quotation marks omitted).

Upon review, Triton's fraudulent misrepresentation claim is sufficiently alleged. In the Second Amended Complaint, Triton alleges that Randazzo made five specific statements with respect to CVH Florida in order to obtain a nearly $3 million investment from Triton, that the statements were made by Randazzo to Triton's principal, Lawrence, over the telephone on July 13, 2015 and August 2, 2015, and that the statements were misleading because they were untrue and led Lawrence to decide to invest nearly $3 million on behalf of Triton in CVH Florida, which Defendants ultimately used for their own purposes. *See* ECF No. [65], ¶¶ 22, 24, 26, 30. In addition, while Randazzo argues that misrepresentations regarding future performance are not actionable, he does not indicate which of the five alleged statements he contends involves a future performance, and therefore, the argument is not well-taken.

### iii. Negligent misrepresentation (Count 5)

Randazzo argues next that Triton fails to state a claim for negligent misrepresentation because Rule 8(a)(2) requires that Triton allege a short plain statement of the facts supporting the claim. This argument is without merit.

To state a claim for negligent misrepresentation in Florida, a plaintiff must allege: (1) a misrepresentation of a material fact; (2) that the defendant made the representation without knowledge as to its truth or falsity, or under circumstances in which he ought to have known of its falsity; (3) that the defendant intended that the misrepresentation induce another to act on it; and (4) injury resulted to the party acting in justifiable reliance on the misrepresentation. *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1503 (11th Cir. 1993). Because negligent misrepresentation sounds in fraud, "Rule 9(b)'s heightened pleading standard applies." *Lamm v. State St. Bank &*

*Tr.*, 749 F.3d 938, 951 (11th Cir.2014) (citing *Souran*, 982 F.2d at 1511 (holding negligent misrepresentation sounds in fraud under Florida law)). Randazzo contends that Triton has not pled what material information was misrepresented or how Randazzo did not exercise reasonable care when making the alleged statements. However, Triton alleges that Lawrence relied upon the five false statements knowingly made by Randazzo in order to invest $3 million of Triton's money in CVH Florida. At this juncture, these allegations are sufficient for the same reasons that the fraudulent misrepresentation claim is adequate.

### B. Claims against Randazzo and Turner

#### i. Civil conspiracy (Count 3)

Randazzo and Turner argue that Triton's civil conspiracy claim is insufficient because the Second Amended Complaint does not adequately allege the conspiracy, that it is barred by the intracorporate conspiracy doctrine, and that an action for civil conspiracy cannot proceed where the underlying claims fail.

To state a claim for civil conspiracy, there must be (1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damage to plaintiff as a result of the acts performed pursuant to the conspiracy. *Walters v. Blankenship*, 931 So. 2d 137, 140 (Fla. 5th DCA 2006) (citation omitted); *see also Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008). Florida law does not recognize an independent cause of action for civil conspiracy; rather, a valid claim must allege an underlying illegal act or tort on which the conspiracy is based. *See Carney v. IDI-DX, Inc.*, 2013 WL 4080326, at *3 (M.D. Fla. Aug. 13, 2013) (dismissing conspiracy claim for lack of a valid, separate underlying tort); *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997) ("[A]n actionable conspiracy requires an actionable

underlying tort or wrong."); *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1541-42 (11th Cir. 1990 ("The basis for the conspiracy must be 'an independent wrong or tort which would constitute a cause of action if the wrong were done by one person.'") (quoting *Am. Diversified Ins. Servs. v. Union Fid. Life Ins. Co.*, 439 So.2d 904, 906 (Fla. 2d DCA 1983)); *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014) (quoting *Cordell Consultant, Inc. Money Purchase Plan & Tr. v. Abbott*, 561 F. App'x 882, 886 (11th Cir. 2014)) ("To plead civil conspiracy, a plaintiff must allege '(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.'").

Triton contends in its Response that its claim is properly based upon the underlying tort of fraudulent misrepresentation; however, the contention is improper. The Eleventh Circuit has "repeatedly [ ] held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x. 657, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)); *see also Tsavaris v. Pfizer, Inc.*, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) ("A plaintiff, though, cannot amend the complaint in a response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint.") (citing *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Indeed, the Second Amended Complaint does not clearly allege the basis underlying the civil conspiracy claim, as Triton does not incorporate its fraudulent misrepresentation claim into the civil conspiracy claim, and the same factual allegations underlie each of the separate counts asserted against Defendants. Accordingly, Triton has not sufficiently alleged its civil conspiracy claim, and the Court does not consider the propriety or merits of Defendants' remaining arguments.

### ii. Unjust enrichment (Count 4)

Defendants argue that Triton cannot assert an unjust enrichment claim against them because Triton conferred a benefit on CVH Florida, not Defendants, by making its investment, and therefore, Triton cannot assert a direct claim against Defendants. In addition, Defendants argue that Triton's allegations with respect to disregarding CVH Florida's corporate form—piercing the corporate veil—are insufficient.

"[I]n order to bring suit against other members of a[] LLC individually, a member must allege either (1) direct harm and special injury; or (2) a special contractual or statutory duty owed from the defendant member to the plaintiff member." *Dinuro Invs., LLC v. Camacho*, 141 So. 3d 731, 733 (Fla. 3d DCA 2014). As such, there must be "a direct harm to the shareholder or member such that the alleged injury does not flow subsequently from an initial harm to the company **and** . . . there is a special injury to the shareholder or member that is separate and distinct from those sustained by the other shareholders or members." *Id*. at 739-40 (emphasis in original). Indeed, "[a] claim may be brought in a direct action . . . where the injury was sustained directly by the plaintiff bringing the suit and is separate and distinct from injuries sustained by the corporation and all other shareholders equally." *Medsker v. Feingold*, 307 F. App'x 262, 264 (11th Cir. 2008).

Here, Triton's claim fails to satisfy both prongs of the Court's inquiry. First, Triton alleges that it conferred a benefit upon Defendants by transferring the almost $3 million to the CVH Bank of America account. *See* ECF No. [65], ¶ 65. Therefore, as alleged by Triton, the benefit was conferred upon CVH Florida, not Defendants individually. Second, the alleged harm is indirect. Triton alleges that while Triton acquired a 30% membership interest in exchange for its nearly $3 million contribution, Defendants together contributed a total of $7 for their combined 70% membership interest in CVH Florida. Thus, according to Triton, neither Randazzo nor Turner

14

would be equally affected by a loss to CVH Florida as Triton. While it may be true that Defendants profited from their alleged misconduct or suffered less of an injury than Triton as a result, this analysis is relevant only to whether there was a special injury to Triton, not whether the injury was direct. As a result, as in *Dinuro*, the alleged injury to Triton arises as a result of the devaluation of CVH Florida, and as such, is an indirect harm.

In addition, Triton has not sufficiently alleged a special injury to the extent that the unjust enrichment claim is premised upon Defendants' allegedly improper actions following the initial investment in CVH Florida. "This test requires the court to compare the individual plaintiff's alleged injury to injuries suffered by the other members or shareholders of the company and then determine whether the plaintiff's injury is separate and distinct from other members or shareholders." *Dinuro*, 141 So. 3d at 737. Here, Triton transferred funds to CVH Florida, and upon transfer, they became property of the LLC. *See* Fla. Stat. § 605.0110(1), (4) ("All property originally contributed to the limited liability company . . . is limited liability company property [and a] member of a limited liability company has no interest in any specific limited liability company property."). As such, Triton's unjust enrichment "claim is indistinguishable from the myriad claims of self-dealing and mismanagement that courts have held may only be brought as derivative claims." *Medsker*, 307 F. App'x at 265. To the extent that Triton's claim is not premised upon Defendants' post-investment misuse of funds, the claim would appear to be duplicative of Triton's misrepresentation-based claims against Randazzo. In any event, the basis of Triton's claim is not clearly pled.

Triton also contends that Randazzo and Turner may be found to be personally liable through a veil-piercing theory, which Defendants contend is inadequately pled. "A general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons

15

comprising them." *Gasparini v. Podormingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). Therefore, "directors, officers and stockholders are not liable for corporate acts simply by reason of their official relationship to the corporation. Actual wrongdoing in the form of fraud, self-dealing or unjust enrichment would have to be established in order to trigger individual liability." *Taylor v. Wellington Station Condo. Ass'n, Inc.*, 633 So. 2d 43, 45 (Fla. 5th DCA 1994). However, "[s]hareholders in a corporation may not pierce their own corporate veil to attain standing to sue as the owner of the corporation's assets." *Chaul v. Abu-Ghazaleh*, 994 So. 2d 465, 467 (Fla. 3d DCA 2008). As such, regardless of the sufficiency of the veil piercing allegations, Triton, as a member of CVH Florida, may not proceed against Randazzo and Turner, the other members of CVH Florida, under a veil-piercing theory.

### C. Failure to join an indispensable party

Randazzo next argues that the Second Amended Complaint should be dismissed pursuant to Rule 12(b)(7) for failure to join CVH Florida as an indispensable party under Rule 19(a), principally because Triton seeks rescission of its investment in CVH Florida from Randazzo in connection with its securities fraud claim. Specifically, Randazzo contends that because Triton seeks rescission of its investment in CVH Florida from Randazzo, and does not allege that Randazzo owns Triton's initial investment in CVH Florida, the assets belong to CVH Florida and may only be recovered from CVH Florida. As such, Randazzo argues that Triton cannot recover its investment in CVH Florida from him.

Dismissal of an action pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, for failure to join a party under Rule 19, is a "two-step inquiry." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003); *N.H. Ins. Co. v. Cincinnati Ins. Co.*, No. 14-0099-CG-N, 2014 WL 3428911, at *2 (S.D. Ala. July 15, 2014).

"First, a court must decide whether an absent party is required in the case under Rule 19(a)." *Int'l Importers, Inc. v. Int'l Spirits & Wines*, LLC, No. 10-61856-CIV, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011) (citing *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). If a court determines that an absent party does satisfy the Rule 19(a) criteria, i.e., that the party is a required party, the court must order that party joined if its joinder is feasible. *See* Fed. R. Civ. P. 19(a)(2); *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 842 F. Supp. 2d 1360, 1365-66 (N.D. Ga. 2012). If the absent party is not required, the litigation continues as is. *See, e.g.*, *Developers Sur. & Indem. Co. v. Harding Vill., Ltd.*, No. 06-21267-CIV, 2007 WL 465519, at *2 (S.D. Fla. Feb. 9, 2007). "A party is not necessary simply because joinder would be convenient, or because two claims share common facts." *S. Co. Energy Mktg., L.P. v. Virginia Elec. & Power Co.*, 190 F.R.D. 182, 185 (E.D. Va. 1999); *see also Innotex Precision Ltd. v. Horei Image Prods., Inc.*, 679 F. Supp. 2d 1356, 1362 (N.D. Ga. 2009) ("the inconsistent obligations test is not met when monetary relief is at issue" (citations omitted)); *Kenko Int'l, Inc. v. Asolo S.r.l.*, 838 F. Supp. 503, 506 (D. Colo. 1993) (requiring "legally protected interest, and not merely a financial interest or interest of convenience"). Rather, an absent party is considered necessary (i) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action. Fed. R. Civ. P. 19(a)(1); *see also City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir.1999) (per Rule 19(a), the first question is "whether complete relief can be afforded in the present procedural posture, or

whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations.").

Here, the Court does not find that CVH Florida is a required party because "rescissionary damages" may be appropriate where "the substantial role played by defendants in the transaction provides adequate justification for the award." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 687 (11th Cir. 1983). Triton's securities fraud claim is premised upon Randazzo's alleged misrepresentations, without which Triton contends it would not have made the investment in CVH Florida. Therefore, if found liable, Randazzo may properly be required to "'rescind' by paying an amount [he] in fact never received." *Id*.

### D. Punitive damages

Finally, Defendants argue that Triton's request for punitive damages should be stricken because under Florida law, punitive damages are only available if the purported wrongdoer is guilty of intentional misconduct or gross negligence, and in fraud cases, only if the harm was directed at the public generally. Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *see also Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 1566398, at *1 (S.D. Fla. Apr. 8, 2015) (same); *BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 641

(S.D. Fla. 2007) (same); *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same).

Courts have broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f). *Sakolsky v. Rubin Mem'l Chapel, LLC.*, No. 07-80354-CIV, 2007 WL 3197530, at *2 (S.D. Fla. Oct. 26, 2007). However, Rule 12(f) motions to strike are considered drastic, granted sparingly and often disfavored. *See Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) ("The striking of affirmative defenses is a 'drastic remedy' generally disfavored by courts.") (citation omitted); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) "draconian sanction").

Randazzo has made no showing that the request for punitive damages is redundant, immaterial, impertinent, scandalous, or that it otherwise prejudices him. Moreover, "[u]nder Florida law, the purpose of punitive damages is not to further compensate the plaintiff, but to punish the defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future." *Owens-Corning Fiberglas Corp. v. Ballard*, 749 So. 2d 483, 487 (Fla. 1999). As such, "[p]unitive damages are peculiarly left to the discretion of the jury as the degree of punishment to be inflicted must always be dependent on the circumstances of each case, as well as upon the demonstrated degree of malice, wantonness, oppression, or outrage found by the jury from the evidence." *Id*. Whether or not Randazzo's conduct amounts to conduct justifying the imposition of punitive damages is an issue of fact. Therefore, at this juncture, the Court will not strike the request for punitive damages.

Case No. 18-cv-61469-BLOOM/Valle

## IV. CONCLUSION

For the reasons set forth, the Motions, **ECF Nos. [68], [69]**, are **GRANTED IN PART AND DENIED IN PART**. Triton's claims for civil conspiracy (Count 3) and unjust enrichment (Count 4) are dismissed with prejudice. Randazzo shall file his Answer to the remaining counts asserted in the Second Amended Complaint on or before May 3, 2019.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 23, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record